UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
TERRELL PHIL GIBBS, an infant by his
mother and natural guardian SHACASSIE
NICOLE ROLLINS RICHER, and
SHACASSIE NICOLE ROLLINS
RISHER, individually,

        Plaintiffs,

        v.

CITY OF NEW YORK, et. al.,

        Defendants
---------------------------------------------------X

NOT FOR PUBLICATION

09CV4638 (FB) (ALC)

REPORT AND
RECOMMENDATION

**CARTER, United States Magistrate Judge**:

    Plaintiff Terrell Phil Gibbs ("Gibbs"), an infant represented by his mother, Shacassie Nicole Rollins Risher ("Risher"), filed the instant civil rights action on October 28, 2009. (Gibbs and Risher will be collectively referred to as "Plaintiffs.") According to the allegations in the Amended Complaint, on the evening of August 2, 2008, Risher, then eight months pregnant, was attending a family barbecue when several police officers arrived at the scene. One of the police officers became involved in a physical altercation with one of the partygoers. In the ensuing fracas, Risher was sprayed with pepper spray and knocked to the ground, stomach-first. She was taken to the hospital where she prematurely gave birth to Gibbs on August 3, 2008, and was released two days after his birth. Risher agreed to settle the action with the City for $50,000, $40,000 of which is attributable to the claims of Gibbs. Since Local Rule 83.2(a) requires that settlements of claims brought on behalf of infants be judicially reviewed prior to enforcement, Plaintiff filed a petition seeking to approve the agreement (the "Petition"), which was referred to me for a Report and Recommendation.

1

I held hearings on March 11, 2011 and May 18, 2011 at which I both explained to Risher the purpose of the hearing and took testimony from her. That testimony, along with related allegations of the Amended Complaint and Petition, are summarized as follows.

Risher testified that Gibbs was treated for a number of illnesses following his premature birth, including jaundice and hyperbilirubinemia, and remained in the hospital for six days following his birth, while Risher was discharged two days thereafter. Risher also alleged that Gibbs suffered from upper respiratory infections within his first year. However, she reported both in her Affirmation in Support of the Petition and through inquiry at the May 18, 2011 conference that while her son required additional monitoring for these conditions, he had, by the age of two, fully recovered from any injuries tied to his premature birth.

As to the merits of this action, Risher testified that she discussed "issues of liability" with her attorney and that she understood the limitations in light of the temporary nature of Gibbs' injury and his full recovery compared to the risks and costs of litigating this action to trial. Therefore, she finds it in the best interest of her child to settle the action and place his funds in an interest-bearing trust account until his 18th birthday, August 3, 2026. To that end, Risher testified that she has already set up such an account at the Chase Bank located at 401 Madison Avenue, New York, NY 10017.

Risher's testimony regarding her son's condition is consistent with the claims made in the Affirmation of Muhammad A. Hasan, M.D., who was consulted by Plaintiffs to review Gibbs' medical records. Hasan, a specialist in pediatric care, affirmed that, outside of the six day hospital stay necessitated by Gibbs' hyperbilirubinemia, the child's birth was normal, as were the neonatal respiratory infections that Gibbs suffered.

DISCUSSION

Local Rule 83.2(a) requires courts in this district to approve the terms of any settlement of a claim brought on behalf of an infant. E.D.N.Y. R. 83.2(a); N.Y.C.P.L.R. §§ 1205-1208. The Court is charged with the duty of determining whether the proposed settlement is in the child's best interest. See Griffiths v. Jugalkishore, No. 09 CV 2657 (LTS) (KNF), 2010 WL 4359230, at *5 (S.D.N.Y. Oct. 14, 2010). "The court must determine whether the proposed settlement is fair and reasonable, including the amount to be paid and the parties' arrangement for payment of costs and attorneys' fees." Hylton v. New York Methodist Hosp., No. 08 CV 3956 (RRM) (MDG), 2010 WL 1688531, at *1 (E.D.N.Y. Mar. 30, 2010) (citing Pollicina v. Misericordia Hosp. Med. Ctr., 92 N.Y.2d 332 (1993)). In this regard, "[a] strong presumption exists that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently.'" Ratcliffe v. Pradera Realty Co., No. 05 CV 10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (citing Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988)). "In determining whether the settlement should be approved, the Court's role is to exercise the most jealous care that no injustice be done to the infant." See Allen v. Robert's American Gourmet Food, Inc., No. 07 CV 2661 (NGG) (ETB), 2009 WL 2951980, at *9 (E.D.N.Y. Sept. 8, 2009) (citations omitted).

In this case, there is no evidence to indicate that the agreement was not the result of arm's length negotiation. The parties engaged in several rounds of Requests for the Production of Documents and Interrogatory Requests and submitted several status reports stating the difficulty each side faced in obtaining discovery, including problems obtaining various medical files and in

locating any responsive NYPD use of force reports or mace reports from the night of Risher's injuries – discovery that goes to the heart of this action. Additionally, both the Petition and counsel's affirmation in support of attorneys' fees ("Zaloba Affirmation") indicate that settlement negotiations were extensive. It is noteworthy that the parties reached an agreement within a week of Risher's counsel learning of Dr. Hasan's opinion that while Gibbs was at risk to suffer serious respiratory complications at birth, the infections he actually suffered were normal for a child his age, and that, aside from Gibbs' six day hospitalization for hyperbilirubinemia, his premature birth was normal. Zaloba also affirmed that Risher experienced difficulties locating witnesses to the incident, further supporting the decision to settle the action. Finally, the record indicates that, at several times during the pendency of this litigation, and perhaps throughout, Plaintiffs have been homeless. While the subject funds would be unavailable to Gibbs until he turns 18, these circumstances bear on the increased burden his mother must undertake to zealously prosecute his claim. Overall, the burdens and risks of continued discovery (and, if necessary, a trial) might very well outweigh the benefits to him in the long term. In light of all of these considerations, I am satisfied that Risher's decision to settle Gibbs' action for $40,000 is fair, reasonable and in his best interest. Ross, 700 F. Supp. at 683-4 ("The adequacy of any settlement can only be determined by holding it up against the strength of the plaintiff's case. . . and against the risks, delays and uncertainties of continued litigation.").

*Attorney Fees and Costs*

I also find that Plaintiffs' agreement to remit to counsel one-third of the settlement amount ($13,333.33) as attorneys' fees is not unreasonable in light of the approximately 100 hours

counsel spent obtaining discovery, reviewing health records, attending court conferences, and remaining in frequent contact with Risher and defense counsel. This translates to an hourly rate of $133.33, which is below the average rate for all but newly admitted attorneys in the New York City market.[1] Cf. Weather v. City of Mount Vernon, No. 08 CV 192 (RPP), 2011 WL 2119689, at *2 (S.D.N.Y. May 27, 2011) (approving rate of $400 for experienced civil rights attorney who typically works on contingency); Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., No. 07 CV 2005 (CPS), 2008 WL 552860, at *7-8 (E.D.N.Y. Feb.27, 2008) (approving fee of $250 per hour for senior associate with 13 years experience); Torres v. City of New York, No. 07 CV 3473 (GEL), 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) *2 ($125-200 per hour an appropriate rate for attorney with less than three years experience). In light of the amount and depth of investigation and discovery that has transpired; the uncertainties in the Plaintiffs' case that bear on the burden of proof; Plaintiffs' understanding of the terms of both the settlement agreement and the fee arrangement; and counsel's experience in similar actions in this District, I find his fee to be fair and reasonable. Cf. Jurdine v. City of New York, No. 07 CV 2915 (CBA) (JO), 2008 WL 974650, at *4 (E.D.N.Y. Apr. 8, 2008) (approving one third contingency fee in civil rights action involving an infant where counsel represented that various services provided to client consumed twenty hours of time and "significant effort").

However, as to the $770.38 counsel seeks to recover in costs and disbursements, no accounting has been provided to justify its approval. Therefore, I recommend denying this portion of the Petition, without prejudice. See Griffiths, 2010 WL 4359230, at *7 (denying

---

[1] The Zaloba Affirmation did not specify the number of years he has been practicing law in general or civil rights cases in particular, but I note from publicly available records that he was admitted to practice law in the State of New York in 1984, and has been noticed as an attorney in over 15 civil rights cases brought in this District since 1997.

costs where application failed to including the affidavit required by Local Rule 54.1 or any corroborating data).

CONCLUSION

For the foregoing reasons, I make the following recommendations:[2]

1) Risher should be authorized to settle Gibbs' action for the amount of $40,000, in full satisfaction of all pending claims against the City of New York and related defendants;

2) The sum of $13,333.33 should be deducted from the aforementioned $40,000, and paid by the City to Edward Zaloba as compensation for legal services tendered;

3) Zaloba should be granted two weeks to submit corroborating data (such as invoices or receipts) to justify the $770.38 he claims in disbursements. In the event that Zaloba satisfies this obligation, the City should add $770.38 to the deduction referenced in item (2);

4) The funds remaining after attorney's fees and (if applicable) disbursements should be paid to Shacassie Nicole Rollins Risher, as parent and custodian of Terrel Phil Gibbs, to the care and credit of Terrel Phil Gibbs, and this amount should be deposited in a bank

---

[2] Only Gibbs' settlement must be approved by the Court. Therefore this Report and Recommendation relates only to him and I see no reason why the parties cannot proceed to satisfy the terms of Risher's settlement during the pendency of the Petition. To that end, I recommend that the parties be ordered to submit a separate stipulation of dismissal.

account earning the highest possible interest rate and held in trust, for Terrrel Phil Gibbs, until he reaches the age of majority on August 3, 2026. No withdrawals from this account should be permitted, except if this Court orders such withdrawal.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF and shall be directed to the assigned District Judge. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED.**

DATED: August 8, 2011            _____/s/_____
      Brooklyn, New York            Andrew L. Carter, Jr., U.S.M.J.