UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

TERREL PHIL GIBBS, an infant by his mother
and natural guardian SHACASSIE NICOLE
ROLLINS RICHER, and SHACASSIE NICOLE
ROLLINS RISHER, individually,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, *et al.,*

                Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-4638 (FB) (ALC)

*Appearances:*
*For the Plaintiff:*
EDWARD ZALOBA, ESQ.
118-21 Queens Blvd, Suite 504
Forest Hills, New York 11375

*Appearances:*
*For the Defendant:*
KARL J. ASHANTI, ESQ.
The City of New York Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

Local Rule 83.2(a) requires that settlement of claims brought on behalf of infants be judicially reviewed prior to enforcement. On August 8, 2011 Magistrate Judge Andrew Carter issued a Report and Recommendation ("R&R") recommending that Shacassie Nicole Rollins Richer be authorized on behalf of Terrel Phil Gibbs, an infant, to settle the action for $40,000 in full satisfaction of all pending claims against the City of New York and related defendants. *See* R&R at 6. The R&R also recommends that the sum of $13,333.33 be deducted from the aforementioned $40,000 and paid by the City to Edward Zaloba for legal services tendered, that in the event Zaloba submits corroborating data to justify the $770.38 he claims in disbursements the City should add $770.38 to the aforementioned deduction, and that the

1

funds remaining after attorney's fees and disbursements be paid to Risher, parent and custodian of Gibbs, to the care and credit of Gibbs, with the amount deposited in an account earning the highest possible interest rate and held in trust for Gibbs until he reaches the age of majority. *Id.* Zaloba submitted corroborating data on August 11, 2011.

The R&R also stated that defendants' failure to object within fourteen days of receiving the R&R would preclude appellate review. *See id.* According to the docket, all parties received electronic notice of the R&R on the date it was filed. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**                              s/ Judge Frederic Block

                                             ‎FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, NY
August 3‎1, 2011

2